## No. 796

### First Circuit

PERKINS v. WHITE GRANDIN LBR. CO.

(June 16, 1931. Opinion and Decree.)

S. I. Foster, of Leesville, attorney for plaintiff, appellant.

Thornton, Gist & Richey, of Alexandria, attorneys for defendant, appellee.

ELLIOTT, J. Jodie W. Perkins, employed by White Grandin Lumber Company, while unloading lumber from what he calls a dry chain and stacking it on a

vehicle used for moving lumber and which the plaintiff calls a buggy, was in some way, not made clear by the testimony, struck and knocked down by the buggy. The plaintiff alleges that he was seriously and permanently injured as a result of the blow, and has brought suit for compensation against White Grandin Lumber Company, claiming $8.77 per week for a term of 400 weeks.

The defense may be summed up in the following denial:

"Respondent avers that petitioner herein is not disabled from performing reasonable manual labor and that if the said plaintiff is at the present time suffering from any injury or disability of any nature whatsoever, same is not due to any accidental injury arising out of and in the course of his employment with your respondent company."

Plaintiff's demand was rejected in the lower court, and he has appealed.

The evidence shows that plaintiff was knocked down by a buggy, one of the appliances used by defendant, while performing the work in which he was employed by defendant. That a friend and fellow employee, Harliss Oakes, raised him from the ground into a sitting posture. He remained in that position for a few minutes, then got up, and walked unassisted to consult a physician, Dr. Kornbecker, in the employ of defendant, whose office was near by. He testifies that the physician examined him, gave him a phial of medicine, which he took to be liniment, and told him to go home and lay down flat on his back and stay there. That he did so, remaining in bed for several days. That in a few hours after his injury he noticed a swelling which physicians, on the trial, described as a varicocele. That since the

injury he has constantly suffered pain and disability as a result of said blow. He claims that the blow so received caused said varicocele, producing in him a permanent total disability to do work of any reasonable character.

Two physicians without interest in the matter examined plaintiff and testified, giving it as their opinion that plaintiff is unable to do any manual work of a reasonable character and regarded his disability as permanent. They also gave it as their opinion, based on the theory that plaintiff had no varicocele previous to the blow, that his present condition is a result of the blow.

Dr. Kornbecker, who was consulted by plaintiff immediately following the blow, testifies that he found, on his examination of the plaintiff, contusions, one on the thigh and another on the abdomen, but not near the varicocele in question, which is in the veins of the scrotum. That the contusions he saw could not in his opinion have produced the varicocele with which plaintiff suffered. He regarded the contusions as unimportant and that plaintiff has fully recovered and could perform reasonable manual labor. In looking at the contusion at the time he examined plaintiff almost immediately following the injury he did not discover the varicocele. In this connection we notice that plaintiff went home after leaving the office of Dr. Kornbecker and never returned. He never sent for him to come to see him, but he says that his wife went to Dr. Kornbecker and got more medicine.

"Q. Did Dr. Kornbecker ever come to see you after you went home?

"A. No, sir. He should have, but he didn't."

It seems to us that if he had been suffering in a way he claims to have been, following the blow, he would have consulted some physician if he did not wish to be treated by Dr. Kornbecker; but nothing indicates that he did so. Two other physicians, one of whom we assume from the evidence was in the employ of the insurance company which has the defendant insured against loss in matters of this kind, the other, not at the time of testifying, but formerly, employed in industrial practice, examined plaintiff and gave it as their opinion that the varicocele, with which plaintiff suffers, is a disease which was not brought about nor produced in the plaintiff as the result of the blow which he received. They further gave it as their opinion that plaintiff can perform reasonable manual labor, corroborating in every respect the testimony of Dr. Kornbecker.

After consideration of all the testimony on the subject and taking the facts and circumstances into account, we find that the plaintiff has not established with reasonable certainty that the varicocele with which he suffers was caused, produced, or activated into its present condition as a result of the blow received in defendant's service.

The judgment rejecting his demand was correct.